UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY MACINTOSH,

        Petitioner,                      Case No. 06-15647
                                                    Honorable David M. Lawson
v.

SUSAN DAVIS,

        Respondent.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART CERTIFICATE OF APPEALABILITY

The petitioner filed a petition for a writ of habeas corpus on December 19, 2006. On March 22, 2010, the Court entered an opinion and order denying the petition, determining that the state court had reasonably analyzed the petitioner's challenges to the voluntariness of his confession and the sufficiency of the evidence, and that the petitioner's challenges to the admission of evidence was not cognizable on habeas because it raised only state law issues. On this basis, the Court entered judgment against the petitioner.

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, which was amended as of December 1, 2009:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11, Rules Governing Section 2255 Proceedings. Thus, the Court will grant the petitioner's request for expedited consideration.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

Concerning the confession issue, the Court finds that reasonable jurists could debate whether the petitioner's waiver of his *Miranda* rights truly was voluntary and that the petitioner has made a substantial showing that he was denied a constitutional right in potentially waiving his rights involuntarily. Therefore, the Court will grant a certificate of appealability on this issue. However, the Court finds that reasonable jurists could not debate that the trial court record included sufficient evidence on which a reasonable juror could convict the defendant, or that the defendant's challenge to the admission of evidence involved only a state law claim. Therefore, the Court will deny a certificate of appealability on the remaining issues in this case.

Accordingly, it is **ORDERED** that a certificate of appealability is **GRANTED** on the petitioner's first issue concerning the voluntariness of his waiver of his *Miranda* rights.

It is further **ORDERED** that a certificate of appealability is **DENIED** as to all other claims raised in the petition.

s/David M. Lawson

DAVID M. LAWSON
United States District Judge

Dated: March 29, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 29, 2010.

s/Teresa Scott-Feijoo
TERESA SCOTT-FEIJOO